UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE WESLEY CULVER, CASSIE CHARLENE CULVER, individually and on behalf of MADISON RENEE HILL, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:16-cv-01055-M |
| UNITED COMMERCE CENTERS, INC., NEW WORLD INTERNATIONAL, INC., and NATIONAL AUTO PARTS, INC., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 16) and Plaintiffs' Motion to Supplement its Motion for Partial Summary Judgment (ECF No. 31). The Motion to Supplement is **GRANTED**, but for the reasons stated below, the Motion for Partial Summary Judgment is **DENIED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On April 19, 2016, Plaintiffs Steve Wesley Culver and his wife, Cassie Charlene Culver, filed suit against Mr. Culver's former employer, United Commerce Centers, Inc. ("UCC"), as well as the alleged sponsors of their medical insurance plan, New World International, Inc., and National Auto Parts, Inc. In May 2013, Steve Culver developed Hepatitis C and cirrhosis of the liver. The parties agree that more than $300,000 was paid in medical expenses by the plan for Mr. Culver over the course of two years. Plaintiffs allege UCC then terminated Mr. Culver's employment, so it could stop paying for his medical expenses under the medical insurance plan. UCC contends it terminated him for theft. Mr. Culver further alleges he was illegally denied COBRA continuing medical coverage after his termination, and denies UCC's allegation that he

1

was terminated for theft. Plaintiffs also assert that Mrs. Culver was not given timely notice under COBRA of her right to elect continuing coverage under the medical insurance plan, and that UCC forced Mr. Culver into a separation agreement in which he released all claims.

Plaintiffs brought suit for slander, duress, and violations of the Employee Retirement Income Security Act ("ERISA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and the Age Discrimination in Employment Act ("ADEA"). On November 4, 2016, Plaintiffs moved for partial summary judgment on their COBRA claims, asserting that New World International, Inc. and National Auto Parts, Inc. are plan sponsors. On March 3, 2017, Plaintiffs sought leave to supplement their motion to reference the deposition of Seth Denson, the Defendants' former health insurance broker. On May 2, 2017, the Culvers filed their Fourth Amended Complaint adding their granddaughter, Madison Renee Hill, allegedly a plan beneficiary, as a plaintiff.

In support of their motion, Plaintiffs assert that, as a matter of law, under COBRA Defendants were obligated to provide Mr. Culver with continuing medical coverage, and to give Mrs. Culver notice of her right to elect continuing coverage.

**II.     LEGAL STANDARD**

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual issue is material "if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). A factual dispute is "'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997). The Court is required to view all facts and draw all reasonable inferences in the light most

favorable to the non-moving party and to resolve all disputed factual controversies in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

### III. ANALYSIS

COBRA requires that "the plan sponsor for each group health plan shall provide…that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a). In the case of termination, COBRA also requires the employer under a plan to notify the administrator within 30 days of the date of the qualifying event, and the administrator of the plan shall notify any qualified beneficiaries of their rights under COBRA "within 14 days…of the date on which the administrator is notified." *Id*. § 1166(a)–(c).

The parties agree that Mrs. Culver is a qualified beneficiary who was not provided with COBRA notice, and that Mr. Culver was not provided with continuing coverage. However, Defendants rely on 29 U.S.C. § 1163(2), which provides that termination of employment is not a qualifying event if the employee is fired for gross misconduct. Gross misconduct is undefined in COBRA, but Defendants contend Mr. Culver was fired for theft, which the Court concludes would constitute gross misconduct, and that therefore, neither he nor Mrs. Culver would be entitled to COBRA protections. Plaintiffs assert the theft allegation is false, and that UCC terminated Mr. Culver so it could stop paying for his medical expenses under the medical insurance plan. Plaintiffs cite the deposition testimony of Seth Denson, Defendants' former health insurance broker.[1] Denson testified that Grace Tsai, one of the owners of UCC, who was also its controller and who is married to Peter Tsai, UCC's President, expressed frustration about

---

[1] (ECF No. 31 at 9).

3

the medical insurance plan and the costs for care of Mr. Culver in particular.[2] However, UCC filed an affidavit from Grace's son, Joseph Tsai, UCC's Senior Vice President, stating that Mr. Culver was fired for theft—specifically, for selling UCC's scrap metal and cardboard and for selling UCC's auto parts without giving the proceeds to UCC.[3] Joseph Tsai's affidavit states that Mr. Culver admitted to the allegations regarding the scrap cardboard. The thrust of the Tsai affidavit is also to deny that New World International and National Auto Parts are plan sponsors. The Culvers submit no affidavits or other evidence disproving the theft allegation, but seemingly assert that the Defendants are estopped to assert that claim as a matter of law, because UCC gave Culver a COBRA notice and three months of coverage after his termination. Defendants assert that was pursuant to a separation agreement UCC and Mr. Culver signed.

There are genuine issues of material fact as to whether Plaintiffs were entitled to COBRA notice, whether the separation agreement bars the claim, whether Defendants acted inconsistently with their current position as to the reasons for termination and are therefore estopped, and whether New World International and National Auto Parts are plan sponsors. Therefore, summary judgment is improper.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED.**

May 16, 2017.

*Barbara M. G. Lynn* (signature)
**BARBARA M. G. LYNN**
**CHIEF JUDGE**

---

[2] (ECF No. 31 Exhibit A at pp. 17-21).
[3] (ECF No. 25-1 at 2).